```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

LYNN G. FERRANT                                        CIVIL ACTION

v.                                                     NO. 10-4370

LOWE'S HOME CENTERS, INC.                              SECTION "F"

                           ORDER AND REASONS

Before the Court is Lowe's Home Centers, Inc.'s Motion for Summary Judgment. For the reasons that follow, the motion is GRANTED.

## Background

This is a personal injury case arising out of a trip and fall accident that occurred on November 28, 2009 at Lowe's Home Centers, Inc. in Hammond, Louisiana.

While shopping for light bulbs at the hardware store with her friend George Crader who was following behind her, Lynn Ferrant tripped and fell next to a pallet stacked with light bulbs, which was across from the light bulb display shelves.[1] Ms. Ferrant alleges that she tripped over a board protruding from a merchandise pallet, and that she injured her right shoulder, knee, arm, and

---

[1] Ms. Ferrant contends that she was walking on the light bulb aisle in a "narrow area" between a pallet holding light bulbs and the light bulb aisle shelves, which space was also occupied by a couple examining light bulbs on the shelves, causing her to walk in close proximity to a light bulb pallet.

1

cervical spine.[2]  After Ms. Ferrant fell, Lowe's personnel helped her and inspected the area, including taking photographs of the light bulb pallet; they also completed an incident report.[3]

On October 18, 2010 Lynn Ferrant sued Lowe's in state court, asserting that Lowe's negligence caused her injuries, which require surgery.  On November 19, 2010 Lowe's removed the suit to this Court, invoking this Court's diversity jurisdiction. Lowe's now seeks summary judgment, on the ground that Ms. Ferrant cannot prove all of the essential elements of her claim under the Louisiana

---

[2]Ms. Ferrant has testified that she never actually saw the allegedly broken protruding board either before or after the accident.  Mr. Crader has testified that he was walking behind Ms. Ferrant at the time and did not see her trip and fall; rather, after noticing that she was laying on the ground, Mr. Crader testified that he looked at the nearby display pallet and saw a piece of board protruding from it so he assumed that had made her fall because "It was the only thing that could have made her fall." Upon noticing the protruding board, Mr. Crader testified that he pushed the board back into place; he also testified that he does not believe that he told the Lowe's employees that the pallet was broken.

[3]The Lowe's loss prevention manager on duty that day, Andy Childress was notified of the accident, and investigated within minutes.  He testified that he spoke directly with Ms. Ferrant, who told him that she tripped over the corner of the light bulb pallet, as recorded in the incident report.  Childress inspected the pallet, but did not find any problem with it.
   A Lowe's assistant store manager, Chris Naquin, reported to the main aisle after the incident and has stated that Ms. Ferrant told him that she was looking at the light bulbs when she turned with her back to the pallet and tripped over it.  (Mr. Crader corroborated Ms. Ferrant's description of events, which was that as she was looking at light bulbs, she turned her back to the pallet, and was stepping backwards when she tripped over the pallet).  Naquin inspected the pallet but did not see anything wrong with it.

Merchant Liability Statute, La.R.S. 9:2800.6.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress

his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

　　II.　Plaintiff's Burden on Merchant Liability

La.R.S. 9:2800.6 establishes the plaintiff's burden of proof in slip-and-fall claims against merchants:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or

>    safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
>    C.   Definitions
>
>    (1)  "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
> ...
> (emphasis added).

The Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall.  See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997); see also Courville v. Target Corporation of Minnesota, 232 Fed.Appx. 389, 2007 WL 1170859, at *2 (5th Cir. April 17, 2007).  If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice."  See White, 699 So.2d at 1084.  "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element.  Id. at 1084-85.  This temporal component -- whether the time period is

lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard (here, the protruding board) -- is a question of fact, proof of which is a burden the plaintiff must bear. Id. at 1084. The plaintiff must make a "positive showing" of the existence of the condition for some period of time prior to the fall. See Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).

### III.

The dispute here is whether Ms. Ferrant has raised a fact issue regarding whether the board had been protruding from the pallet for a period of time sufficient to implicate constructive notice. Invoking the statutory definition of constructive notice, Lowe's contends that there is no factual support for this essential element of the plaintiff's case, insisting that the plaintiff cannot prove that the condition existed for such a period of time that it would have been discovered if Lowe's had exercised reasonable care. La.R.S. 9:2800.6C(1). The Court agrees.

As interpreted by the Louisiana Supreme Court, Section 2800.6 puts the burden on the plaintiff to provide "positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." White, 699 So.2d at 1082. While this is necessarily a fact question, the fact question only exists if the plaintiff makes "the prerequisite showing of some

time period." Id. at 1084. Ms. Ferrant has not done so. The plaintiff has not satisfied the constructive notice requirement of the statute by showing that the board had been protruding from the pallet for some period of time prior to the alleged fall; this is fatal to her claim. See Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).

The plaintiff requests that the Court impose adverse presumptions against Lowe's because it lost the photographs taken immediately after the accident and because Lowe's provided only a short amount of surveillance video prior to and including the plaintiff's fall. The plaintiff fails to show that either the photographs or additional video footage would provide the evidence she needs to prove her claim. The photographs were taken after Ms. Ferrant had fallen. These might have established -- at most -- that the board was damaged or protruding. (Although Mr. Crader has said that he pushed the board back into place and that it was no longer protruding.) Because the photographs were taken after the accident, they could not provide positive proof of Lowe's constructive notice;[4] rather, they would only show that a

---

[4] In Kennedy v. Wal-Mart Stores, Inc., the Louisiana Supreme Court reversed the trial court's determination that the plaintiff had shown that the defendant had constructive knowledge of a spill, even where the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening of the accident. 733 So.2d 1188, 1191 (La. 1999). The court reasoned "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident" and therefore

potentially hazardous condition existed. "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." White, 699 So.2d at 1084. In any event, Lowe's has assumed for the purpose of this motion that the board was protruding from the pallet so that the photographs would add nothing to the analysis. Constructive notice, however, is the missing element, not the potentially hazardous condition.

The plaintiff also complains that Lowe's did not provide a sufficient amount of surveillance video footage and suggests that, had more footage been provided, the video *might* have shown when the board was broken or protruding and, *perhaps*, how long. That is nothing more than speculation. "Such speculation", the state high court instructs, "falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." See Babin, 764 So.2d at 40. The Court fails to see how the video, which shows very little detail given the vantage point of the camera,[5] could demonstrate how long the potentially dangerous condition had existed. (It does not even show the potentially hazardous pallet.) Indeed, as Lowe's points

---

failed to carry his burden. Id.

[5] Indeed, the Court can barely make out that a woman had fallen because it appears a man helps her up; it does not show how she fell or what, if anything, caused her to fall.

out, the video shows that at least two other customers walked down the same aisle without incident immediately prior to the plaintiff's fall.

Finally, the plaintiff seeks the shield of a disputed fact issue by urging that Lowe's caused the dangerous condition itself; specifically, the plaintiff concludes that Lowe's must have created the dangerous condition because Lowe's owns and has control over the pallet, which was placed by forklift by the night crew the evening prior to the accident. Again the plaintiff resorts to raw speculation. In fact, in advancing her arguments, the plaintiff effectively asks the Court to shift the burden to Lowe's to prove that it acted reasonably. This Court stresses, as the Louisiana Supreme Court has pointed out in White, however, "the statute provides for no such shift." White, 699 So.2d at 1085. The Louisiana Supreme Court takes a very frank merchant-protective view:

> The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving in the negative, the statute simply does not provide for a shifting of the burden.

Id. at 1084.

Although Lowe's has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to

9

support an essential, indeed a mandatory, element of the plaintiff's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The plaintiff claims that she fell after tripping over a board protruding from a pallet. The Court assumes that a board was protruding from the pallet. It is undisputed, however, that there is no evidence that tends to show how long the board might have been protruding from the pallet. Thus, there is no evidence that supports the constructive notice element of her claim, as required by La.R.S. 9:2800.6B(2); no circumstantial evidence has been presented which would enable the Court to even infer that the pallet had been protruding for some time before the plaintiff fell.[6] Because the plaintiff is not able to establish an essential element of her claim as required by Louisiana law, Lowe's is entitled to judgment as a matter of law.[7] The local law

---

[6] Although White was decided after a trial on the merits, like in White, the plaintiff here has "presented no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence." White, 699 So.2d at 1086. The plaintiff fails to raise any disputed issues of material fact as to the actual or constructive notice element of her claim. This Court is bound by what it interprets as the patently protective character of Louisiana's current merchant liability statute and decisions of the state's high court.

[7] Finally, the plaintiff seeks to avoid dismissal, notwithstanding the absence of a positive showing that the store had constructive notice of the protruding board, by insisting that summary judgment is premature because discovery is not complete. However, to justify a continuance under these circumstances, Rule 56(d) requires that a nonmovant present specified reasons by affidavit as to why she cannot present facts to support her claim;

of merchant-liability demands more for plaintiff to be able to withstand a claim for summary relief.

Accordingly, Lowe's motion for summary judgment is GRANTED. The plaintiff's case is hereby dismissed.

New Orleans, Louisiana, October 11, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

here, the plaintiff has not shown how additional discovery will defeat the summary judgment motion. See Fed.R.Civ.P. 56(d). The plaintiff has submitted no affidavit in support of a continuance, and has failed to show how additional discovery will create a genuine dispute as to a material fact. The Court finds no reason to defer its ruling.