UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LYNN G. FERRANT | CIVIL ACTION |
| v. | NO. 10-4370 |
| LOWE'S HOME CENTERS, INC. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for new trial. For the reasons that follow, the motion is DENIED.

Background

The facts of this case are more completely summarized in this Court's October 11, 2011 Order and Reasons, in which the Court granted the defendant's motion for summary judgment.

This case arises out of a trip and fall accident that occurred on November 28, 2009 at Lowe's Home Centers, Inc. in Hammond, Louisiana. While shopping for light bulbs at the hardware store with her friend George Crader who was following behind her, Lynn Ferrant tripped and fell next to a pallet stacked with light bulbs, which was across from the light bulb display shelves.[1] Ms. Ferrant alleges that she tripped over a board protruding from a merchandise pallet, and that she injured her right shoulder, knee, arm, and

---

[1] Ms. Ferrant contends that she was walking on the light bulb aisle in a "narrow area" between a pallet holding light bulbs and the light bulb aisle shelves, which space was also occupied by a couple examining light bulbs on the shelves, causing her to walk in close proximity to a light bulb pallet.

1

cervical spine.[2] After Ms. Ferrant fell, Lowe's personnel helped her and inspected the area, including taking photographs of the light bulb pallet; they also completed an incident report.[3]

On October 18, 2010 Lynn Ferrant sued Lowe's in state court, asserting that Lowe's negligence caused her injuries, which require surgery. On November 19, 2010 Lowe's removed the suit to this Court, invoking this Court's diversity jurisdiction. Lowe's sought summary relief on the ground that Ms. Ferrant cannot prove all of the essential elements of her claim under the Louisiana Merchant Liability Statute, La.R.S. 9:2800.6. This Court granted the motion on October 11, 2011; judgment was entered on October 13, 2011. The plaintiff now requests a new trial.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e).

---

[2] Ms. Ferrant has testified that she never actually saw the allegedly broken, protruding board. Mr. Crader has testified that he was walking behind Ms. Ferrant at the time and did not see her trip and fall. Rather, after noticing that she was laying on the ground, Mr. Crader testified that he looked at the nearby display pallet and saw a piece of board protruding from it; he pushed the board back into place.

[3] The Lowe's loss prevention manager on duty that day, Andy Childress investigated within minutes of Ms. Ferrant's fall. Childress inspected the pallet, but did not find any problem with it. A Lowe's assistant store manager, Chris Naquin, also reported to the main aisle after the incident; he also inspected the pallet but observed no apparent defect.

Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an

3

"extraordinary remedy that should be used sparingly." <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing <u>Templet</u>, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." <u>Templet</u>, 367 F.3d at 479.

Because the Court entered the challenged Judgment on October 13, 2011 and the plaintiff filed her motion for new trial 21 days later on November 3, the motion for new trial is timely under Rule 59(e)'s 28-day deadline.

## II.

The plaintiff contends that discovery had not been completed when judgment was entered, and she speculates that additional video footage might show other vantage points, or reveal additional witnesses, to Ms. Ferrant's trip and fall. The plaintiff further contends that, contrary to this Court's grant of summary relief in Lowe's favor, she could prove each of the elements of merchant liability: she suggests that there is at least an issue of fact that Lowe's created the hazardous condition and, thus, she need not show that Lowe's had notice of it; and, the plaintiff insists "[c]onsidering the length of time that the pallet must have been

4

sitting in the aisle, it may readily be concluded that merchant had failed to provide 'reasonable care.'" The plaintiff urges the Court to grant a new trial. The defendant counters that a new trial is unwarranted because the plaintiff has asserted no factual or legal basis for a new trial; rather, the plaintiff simply rehashes arguments that she already made, or should have made, in opposing the motion for summary judgment. The Court agrees.

A new trial is not warranted where, as here, the plaintiff simply asserts the same speculative arguments that this Court already rejected.[4] The only "new" argument that plaintiff asserts is that the location of the pallet "in a narrow passageway" was per se unreasonable; that is, even if the plaintiff cannot prove the length of time the board had been protruding, the location of the pallet itself was unreasonable. This argument could have been presented sooner and fails to convince the Court to reconsider its ruling. Finally, the plaintiff incorrectly suggests that the Court erred in applying case law that concerned slip and fall scenarios to Ms. Ferrant's trip and fall. To the contrary, the Court applied the merchant liability statute as interpreted by relevant case law to the facts of Ms. Ferrant's case, in which she alleged that she

---

[4]The plaintiff continues to insist that discovery of additional video surveillance would assist in discharging her burden of proof on merchant liability. The Court previously declined to defer its ruling because the plaintiff failed to submit an affidavit in support of a continuance, and failed to show how additional discovery will create a genuine dispute as to a material fact. The Court finds no reason to reconsider.

tripped over a board protruding from a pallet. As previously noted in the October 11 Order and Reasons, Louisiana's merchant liability statute requires the plaintiff to prove, in addition to each element of her claim, that: (1) The condition presented an unreasonable risk of harm to the plaintiff and that risk of harm was reasonably foreseeable; (2) Lowe's either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) Lowe's failed to exercise reasonable care. La.R.S. 9:2800.6. Because the record confirmed that Ms. Ferrant was unable to prove these essential elements, summary relief was granted. Now, having submitted no new evidence, and having failed to convince the Court that a manifest factual or legal error was committed, the plaintiff has failed to persuade this Court that a new trial is warranted.

Accordingly, the plaintiff's motion for new trial is DENIED.

New Orleans, Louisiana, December 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE